UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUBY L. CARR,<br><br>         Plaintiff,<br><br>   v.<br><br>NAVAL BASE KITSAP/BREMERTON,<br><br>        Defendant. | CASE NO. 3:18-CV-06005-RBL<br><br>ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>DKT. #1 |

THIS MATTER is before the Court on Plaintiff's Declaration and Application for Proceed *in Forma Pauperis*. Dkt. #1.

The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." A person is eligible if they are unable to pay the costs of filing and still provide the necessities of life. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted).

Carr fails to provide evidence of her indigency sufficient to merit leave to proceed *in forma pauperis*. Despite substantial monthly expenses, Carr's spouse's employment provides them with a monthly salary of $3,100. Carr also possesses $25,000 in a savings account, $1,500 in a checking account, $1,500 in cash on hand, and receives a pension. The Court allows litigants

to proceed *in forma pauperis* only when they have sufficiently demonstrated an inability to pay the filing fee. This generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance. *See, e.g., Ilagan v. McDonald*, 2016 U.S. Dist. LEXIS 79889, at *2 (D. Nev. June 16, 2016) (granting petition based on unemployment and zero income); *Reed v. Martinez*, 2015 U.S. Dist. LEXIS 80629, at *1, 2015 WL 3821514 (D. Nev. June 19, 2015) (granting petition for incarcerated individual on condition that applicant provides monthly payments towards filing fee). It does not include those whose access to the court system is not blocked by their financial constraints, but rather are in a position of having to weigh the financial constraints pursuing a case imposes. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 686 F. Supp. 385, 388 (N.D. N.Y.), aff'd, 865 F.2d 22 (2d Cir. 1988) (denying petition to proceed IFP because petitioner and his wife had a combined annual income of between $34,000 and $37,000). Carr and her spouse have a total annual income of over $37,200 and additional savings. She has failed to demonstrate a level of economic necessity similar to those who have received IFP status.

For this reason, Carr's Motion for Leave to Proceed *in forma pauperis* [Dkt. #1] is DENIED. Carr shall pay the filing fee or voluntarily dismiss her claims within 21 days of this order. Otherwise, her petition will be dismissed without further notice.

IT IS SO ORDERED.

Dated this 13th day of December, 2018.

Ronald B. Leighton
United States District Judge