UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUBY L. CARR, | CASE NO. 18-6005 RJB |
| Plaintiff, | ORDER SETTING DEADLINE FOR SERVICE |
| v. | |
| NAVAL BASE KITSAP BREMERTON, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's response to the Court's September 2, 2020 Order to Show Cause. Dkt. 12. Plaintiff, acting pro se, alleges that Defendant negligently maintained their commissary parking lot, which cause her to fall and sustain injuries on June 10, 2016. Dkt. 3. Plaintiff filed the Complaint on December 4, 2018 but has not yet completed service on Defendant. *Id.* Fed. R. Civ. P. 4(m) requires Plaintiff to complete service within 90 days of filing the Complaint.

The Court has considered the Plaintiff's response and the remainder of the file. Based on the filings and pursuant to Fed. R. Civ. P. 4(m), Plaintiff should have an additional two weeks to complete service that complies with Fed. R. Civ. P. 4(i).

ORDER SETTING DEADLINE FOR SERVICE- 1

## I. PROCEDURAL HISTORY

On December 4, 2018, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") (Dkt. 1) and a proposed complaint (Dkt. 1-1). The court denied her IFP motion (Dkt. 2), and plaintiff paid the filing fee on December 21, 2018. Plaintiff also filed her Complaint on December 4, 2018. Dkt. 3. Plaintiff did not, however, serve her Complaint on Defendant.

On January 18, 2019, the Court issued both an Order Regarding Discovery (Dkt. 5) and an Order Regarding Initial Disclosures (Dkt. 6). After receiving no further communication from Plaintiff, the court issued an Order to Show Cause on May 13, 2019 (Dkt. 7), and an Order of Dismissal on June 7, 2019 (Dkt. 8). The record indicates that that Order to Show Cause was sent to an incorrect email address. After realizing the error, the Court vacated the Dismissal Order. Dkt 9.

Nothing further was filed in the case until this matter was reassigned to the undersigned on August 31, 2020. Dkt. 10. An Order to Show Cause was issued on September 2, 2020, requiring the Plaintiff to show cause, if any she had, why the case should not be dismissed for failure to prosecute. Dkt. 11. Plaintiff responded on September 10, 2020. Dkt. 12.

## II. DISCUSSION

To commence a lawsuit against the federal government or one of its agencies, a plaintiff must serve both the United States and the specific agency being sued in accordance with Fed. R. Civ. P. 4(i).

Additionally, Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a

specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff did not serve Defendant within 90 days of filing. Plaintiff still has not served a summons and her Complaint and well over one year has elapsed since the case was filed. Dkt. 3. The first question before the Court is whether "good cause" exists to excuse that failure. *In re Sheehan,* 253 F.3d 507, 512 (9th Cir.2001). If no good cause exists, then the second question is whether the Court should use its discretionary power to extend the time to complete service. *Id.*

### A. PLAINTIFF HAS NOT SHOWN "GOOD CAUSE"

If good cause exists, then "Rule 4(m) *requires* a district court to grant an extension of time[.]" *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). There is not much guidance on the good cause standard, but it appears to be demanding even for plaintiffs acting pro se. For example, good cause was found to exist in the days when service in person was required when a pro se plaintiff mistakenly sent his summons and complaint to the defendant, the United States, by certified mail. *Borzeka v. Heckler*, 739 F.2d 444, 446–47 (9th Cir. 1984). In that case, the United States attorney received plaintiff's complaint, but she let the time allowed for service elapse then promptly filed a motion to dismiss. *Id.* The court reasoned that there was good cause because the defendant had actual knowledge of the lawsuit, allowing late service would not prejudice the defendant, and dismissal would severely prejudice defendant. *Id.* at 447.

Good cause was not, however, found where a pro se plaintiff failed to comply with the period prescribed by 4(m) by about six weeks. *Boudette v. Barnette* 923 F.2d 754, 755 (9th Cir. 1991). The main difference between the two cases appears to be that good cause was found when plaintiff both made a reasonable effort to complete service within the proscribed time and

that plaintiff's attempt gave the defendant actual notice of the lawsuit. *See id.*; *compare Borzeka*, 739 F.2d at 447.

Good cause does not exist in this case. Plaintiff, acting pro se, does not appear to allege either that she attempted service or that the Defendant has actual notice of the lawsuit.

### B. THIS COURT WILL USE ITS DICRETION TO GRANT A FOUR WEEK EXTENSION

If no good cause exists, then a court may use its discretion to extend the time allowed to complete service. *In Re Sheehan*, 253 F.3d at 513. Courts may consider factors including the statute of limitations, prejudice to the defendant, actual notice of the lawsuit, and eventual service. *Efaw*, 473 F.3d at 1041. There is, however, an outer limit to that discretion. *See id.* (finding that a court abused its discretion by allowing seven years to elapse between plaintiff filing the complaint and completing service).

Based on the allegations in the Complaint, the statute of limitations does not appear to have elapsed. The Federal Tort Claims Act bars tort claims against the United States unless plaintiff presented their claim before the appropriate agency within two years. 28 U.S.C. § 2401(b). Plaintiff appears to have brought her claim before Department of the Navy within two years of her alleged date of injury. *See* Dkt 3. The remaining factors, however, do not favor granting Plaintiff an extension. The Defendant does not appear to have actual notice of the lawsuit, Plaintiff does not appear to have attempted service, and Defendant could be prejudiced by the more than four years that have elapsed since Plaintiff claims she was injured.

After receiving this Court's Order to Show Cause (Dkt. 11), Plaintiff promptly responded and asks for an extension of time to serve the Defendant (Dkt. 12). Plaintiff says that she has cancer, which has caused her to lose focus, and that the Coronavirus pandemic has made things more difficult. *Id.*

These are legitimate concerns, but the amount of time that has elapsed is pushing up against the outer limit of what is acceptable. The Court will allow Plaintiff an additional four weeks to complete service that complies with Fed. R. Civ. P. 4(i). If the Plaintiff wishes to proceed with this case, she should file proof of service in the record on or before October 16, 2020. Failure to do so may result in dismissal of the case.

## ORDER

Accordingly, it is hereby **ORDERED** that:

- Plaintiff is granted an extension of four (4) weeks, until October 16, 2020, to complete service on Defendant;
- If Plaintiff wishes to proceed with this matter, she SHALL file proof of service in the record by October 16, 2020, and;
- Failure to file a proof of service in the record by October 16, 2020, may result in dismissal of the case

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 17th day of September, 2020.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge