UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUBY L. CARR,<br><br>                    Plaintiff,<br>   v.<br><br>NAVAL BASE KITSAP BREMERTON,<br><br>                    Defendant. | CASE NO. 3:18-cv-06005<br><br>ORDER GRANTING MOTION TO DISMISS |

THIS MATTER comes before the Court on the Defendant's Motion to Dismiss. Dkt. 30. The Court has reviewed the pleadings filed regarding the motion and the remaining file.

On December 4, 2018, Plaintiff, proceeding *pro se*, filed a motion to proceed *in forma pauperis* and proposed complaint. Dkt. 1. On December 13, 2018, the Court denied her motion to proceed *in forma pauperis*. Dkt. 2. On December 21, 2018, Plaintiff paid the filing fee and filed her complaint asserting claims under the Federal Torts Claims Act, 28 U.S.C. § 2671 *et. seq*., ("FTCA") against Naval Base Kitsap Bremerton for injuries she sustained at the base commissary. Dkt. 3. The case was reassigned to the undersigned on August 31, 2020. Dkt. 10.

ORDER - 1

On September 2, 2020, the Court ordered Plaintiff to show cause by September 11, 2020 why this case should not be dismissed for failure to complete service in accordance with Fed. R. Civ. P. 4(m). Dkt. 11. The Court granted the Plaintiff three extensions of time to complete service on the Defendant. Dkts. 13, 23, and 25. The Plaintiff filed a proof of service showing that she served the U.S. Attorney's Office for the Western District of Washington by certified mail on October 26, 2020. Dkt. 26-2.

The Defendant now moves to dismiss the case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), lack of personal jurisdiction pursuant to Rule 12(b)(2), and for insufficient service of process pursuant to Rule 12(b)(5). Dkt. 30. The Plaintiff did not respond to the motion.

## **DISCUSSION**

**Motion to Dismiss under 12(b)(6).** A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, at 1225.

ORDER - 2

The United States, as sovereign, is immune from suit unless it consents to be sued. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). If a claim does not fall squarely within the strict terms of a waiver of sovereign immunity, a district court is without subject matter jurisdiction. *See, e.g.*, *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993).

The FTCA is a limited waiver of sovereign immunity. 28 U.S.C. § 1346 (b). The FTCA is the exclusive remedy for state law torts committed by federal employees within the scope of their employment. 28 U.S.C. § 2679 (b)(1). "Although [FTCA] claims can arise from the acts or omissions of United States agencies (28 U.S.C. § 2671), an agency itself cannot be sued under the FTCA." *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th 1998).

The Defendant's motion to dismiss (Dkt. 30) should be granted. This Court lacks subject matter jurisdiction over this case pursuant to Rule 12(b)(1). The Plaintiff did not respond; she failed to carry her burden to demonstrate the existence of subject matter jurisdiction. *Stock West*, at 1225. Further, the Plaintiff asserts her FTCA claims against Naval Base Kitsap Bremerton and not a "federal employee[]" acting "within the scope of their employment."

**Motion to Dismiss under Rule 12(b)(2) and 12(b)(5).** Rule 12(b)(2) allows a party to move to dismiss for "lack of personal jurisdiction;" Rule 12(b)(5) allows a party to dismiss for "insufficient service of process."

The Defendant's motion to dismiss under Rules 12(b)(2) and 12(b)(5) (Dkt. 30) should be granted. Despite having been given several opportunities to do so, the Plaintiff has failed to properly serve the Defendant and so this Court does not have personal jurisdiction over it. While Plaintiff sent a copy of the complaint and summons to the United States Attorney's Office in the Western District of Washington by certified mail, she did not adequately serve the United States

because she has not sent a copy of the summons and complaint to the United States Attorney General as required by Federal Rule of Civil Procedure 4(i)(1)(B).  The Defendant's Motion to Dismiss (Dkt. 30) should be granted.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 1st day of February, 2021.

     *Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER - 4